CLEMENT v. GLENDALE Good morning, Your Honor. Don Chadwick, appearing for the appellant, Virginia Clement, was substituted in by Mary Clement, her daughter, because of her death. There are a couple of things that I want to discuss this morning, and I'm sure there might be some questions that you might have. First of all, I would look to the issue of the race judicata, I believe was raised in the brief. And I'd like to point to Judge Cooper's footnote six in her order, which said she's not considering that she didn't consider that one at all. So that's not an issue in here. The next one would be the. Due process issues, I think, that come up next, the seizure of the vehicle itself. In this situation, we have a case where the code section dealing with this covers unlawful and emergency situations in the first part of the code having to do with towing vehicles. It gives officers permission to tow vehicles. All of the situations involved involve some kind of situation where it's an emergency situation to get the vehicle off the street or it's an unregistered vehicle on a public street or highway. This situation itself is a lawfully parked vehicle at an apartment building where the owner resides. And it's not on a public street or highway. It's not blocking anybody and no warrant would issue for it to pick it up. It's not given a citation. It's just Officer Young comes onto the property, sees the vehicle and checks with the Department of Motor Vehicle. And he knows at the time that it is a registered vehicle, although it has a certified non-operation permit on file with the Department of Motor Vehicle. So it's lawfully there. And he chooses to take the vehicle without notice. And he does take it and it's towed in. Well, if this were in a backyard, you know, a non-operational vehicle in somebody's backyard and they towed it, there would be a problem. But this vehicle, as I understand it, was in a parking lot that had signs that said days in private property, no trespassing. And it was open for people staying at the days in or conducting business or going to the restaurant. This is her apartment complex where she resides. It's her home. It's a parking complex that assigned her parking spot. Put it on. Well, OK. Well, is there any technical issue whether this days in or whatever it was, you know, parking lot is a quote off street parking facility? Close quotes. Well, meaning of the statute, any off street parking facility is an off street parking facility. There's no question about that. It doesn't the statute. The statute authorizes that. Right. It does in one part of it. But it looks like an add on section. And it seems to be where the unlawfulness falls through the cracks here because there's nothing unlawful about having that vehicle. It is registered vehicle. They refer to it as a non-registered vehicle. It's not registered for road use, but it's certified non-operational. Permit is on fire with the apartment. It's a vehicle that's. It's a piece of junk, basically, isn't it? There would be nothing to prevent due process, though, from writing a ticket on that or giving notice to have a hearing on it. But apparently the big fear is that if they issue a ticket, they won't be able to tow it in because they could go down and get it registered. That seems to be it. Now, also the notice requirement. My opponent indicates in his brief that it's required to give notice within 48 hours. And he seems to imply that Officer Young gave notice with the 180 form from the California Department of Motor Vehicles. And this is not the case. Officer Young doesn't say that. He merely filed his report with the city. There was neither a post possession hearing or seizure hearing, nor one beforehand, a pre-seizure hearing. There was no notice that went out afterwards within 48 hours. When you say registered, what do you mean? Well, the vehicle was registered with the Department of Motor Vehicles. The operation for road use had expired years earlier. But it was still registered. They were able to find the vehicle in the Department of Motor Vehicle registers and it was been registered since 1995. Well, that's what that's what the registration they're using. But are your vehicles registered if they're listed with the Department of Motor Vehicles as non operational? Yeah. There's no definition of what registration is. So I would assume that it's registered, whether the operational use on roads would still be. Required to be called registered. Don't you have to go through checks and commissions and all of that sort of thing? If you're going to use it, if you're going to use it on the roads, but if you're not using it, then you. If you're not using it, then there's no requirement for that. But it's still on the files of the Department of Motor Vehicles and they know where it is. They know how to reach it. They knew who the owner was. They knew who the owner was. It's they pay for it every year, a fee for having it non operational. And there's certainly no reason the due process wouldn't warrant the giving of notice to somebody if there's a problem with the vehicle. When it's lawfully parked to come in and have a hearing with the city and see what what they want to do with it if there's some problem. But here we don't have that situation. We don't have even a notice afterwards. The law of federal law says that you have to give notice within five days minimum. The actual notice was the ransom note that went out on April 6th, some weeks later, saying that you have to pay for this to get it out. And one of the requirements is that you have to have it registered to drive it out and have a driver's license. And that's in the code. And so the primary purpose of the thing is to get it registered for road use. And I'm quoting here for the purpose of this subdivision. The vehicle shall be released to the owner or person in control of the vehicle only after the owner or person furnishes the story storing law enforcement agency with proof of current registration and a currently valid driver's license. If I own a I own a I have a restaurant and it's a very nice restaurant and somebody comes in a hip. I've got a parking lot in front of it. I'm just trying to understand. And I say this is reserved for patrons of my restaurant. And this car is sitting this thing is sitting there and it has no it has no wheels and it's just there. I do and I want to have it and there's a sign there that says that this is for people who are using these facilities. And it and it won't run. It's just there and it's been there for a long time as the owner. I have to go and I can't have it towed away. Oh yes you can. There's another code section a couple of codes down from this one that says that the owner can call the Department of Highways or the sheriff or the responsible party for towed away at the owner's expense. The vehicle owner's expense. But that's not this section. This section is seems to be unconstitutional and it's taking the vehicles that are lawfully parked. There's nothing in the record here about the landlord complaining or asking it to be. No they gave her the parking spot. Nakapoi is the manager of it. He stated it comes as part of her rent. And so it's a paid parking spot for her. And it's not a non-paid parking spot. The hearing that was held was a hearing that was conducted at the Glendale Police Department. And I don't believe that there's anything in the record of the opposition because they apparently don't know about this hearing. From what they said. But on April 6 the ransom note went out and then when the ransom note went out it says you can get a ransom note. Is that like a rhetorical flourish. It's a it's a note from the towing yard saying that you can come and pick up your vehicle if you pay all the fees and the ransom that's being held for. And we understand your case better. If you're more direct on the language. Yeah I'm sorry. I'll understand your case better if you're more direct as to what the specific. In Mary Clements answers to interrogatory she refers to an April 6th notice that went out from the Department of Motor Vehicle from the towing yards. And I can specifically refer to that. Well that's OK. I just say if what you're talking about is a ransom note is the towing companies notice they're holding the car got your car you've got to pay so much to get it out. That's correct. How much was it if there hadn't been a small claims court dispute. How much did that note say she had to pay. I think it was twelve hundred dollars or something like that. And the court costs were added into it. But I think it was the actual towing and storage on the vehicle. In my time up. You mean it for the question. You've got eight minutes and you can reserve it for a bottle if you'd like to reserve the rest of your time. I think we'd like to hear from you. OK. I mean the check here. The impression though that the twelve hundred twelve hundred dollar figure was the amount from the small claims court award which would presumably include court costs and fees. Am I wrong in that. I think that they're separately listed on the decision of the court. That was a couple of months later. I think that's the hearing they're talking about a post hearing which was way too late to have any really effect on anything. Thank you. Good morning Your Honor. Bradley Childers on behalf of the appellees. City of Glendale officer John Young and Janie service doing businesses Monterey Toe. I would like to explain why the district court's determination that that officer Young's towing of the decedent's vehicle pursuant to Vehicle Code Section 2 2 6 5 1. The determination that that was not a violation of any civil rights was was proper. Under the court's analysis in the Schofield versus city of Hillsborough case which dealt with a very similar issue. Well Schofield wasn't that a car that was currently operative so that there was a real concern that somebody might drive it away. Yes the Schofield car was operative but there's no indication field car found where what was it towed from. It was parked in a no parking zone on the public streets. Yes. All right. We got here an automobile parked in private property that hasn't moved in years. What exactly is the city's interest in seizing it at the time of officer Young's determination that the vehicle was not registered. He is he is not aware of whether or not this vehicle has moved. And in fact I would like to correct something. There is no indication in the record anywhere that this vehicle is incapable of movement. Well its last registration expired in 1994. These events took place in 2001. Yes. And you have no evidence that has been any place or has been operated without proper registration during that time and had had a certificate of non operation during each of those years. Isn't it reasonable to infer that and moved in seven years. And it's sitting in a private parking lot where it doesn't really seem to bother the landlord. But why is it seized in the middle of the night. Because vehicle code section 22 651 authorizes the Fifth Amendment. Well that that is also dealt with in Schofield when they talk about what the governmental interest is in trying to understand the governmental interest towing a car out of a no parking zone on a public street. This is a private parking lot. And what's the governmental interest. The interest the reason the interest is the same. And I think the reason that the statute provides for towing from a public street or a private off street facility open to members of the public for which no fee to park is charged while they're engaging in some sort of a commercial enterprise is to allow the police to effectuate the intent of the statute. You have these type of parking lots like at the Days Inn at a mall at a supermarket. The police officer who observes a vehicle in a supermarket with its registration more than six months expire should be able to exercise his authority under 22 651 and order the impoundment of that vehicle in the same way. Owner of the supermarket. Pardon me. Suppose it belongs to the owner of the supermarket. Well if it's if it is unregistered and it is in this particular area it is authorized to be towed by the statute. Your answer the question. The statute says what it says but that doesn't change the Constitution. The statute can't authorize something that hasn't been taken without due process or just compensation. And for the life of me I can't figure out the government's interest in taking this automobile. The interest is and as the Schofield court said the interest in taking unregistered cars off public streets admittedly not a private facility is analogous to removing cars that are parked illegally. That is to effectuate compliance with registration laws. That is to issue not complied with the law. The vehicle is unregistered. And but apparently there's a legal process by which you can get the government to recognize the fact that it's not right not operating and doesn't have to have a current registration. But I would disagree with that. There's nothing in the record to instruct this court how a planned non operation certificate operates in conjunction with a lack of registration. And certainly 22 651 makes no exception for vehicles who are unregistered but who have in fact filed non operation certificates. Additionally the court's earlier questions about registration when you get your annual registration notice you can pay a registration fee to operate your vehicle on a public street at a greatly increased cost. You still have to pay an annual fee for a planned non operation certificates like 15 dollars or something like that. But it still has to be registered. There is nothing in the record to indicate the status of the planned non operation certificate on file. And once again the statute doesn't make any allowance for this. And there is there's no argument made by the appellant that this operation is non operation certificate does in fact operate as an exception to the statute and would have in fact prevented the officer. The statute can say what it wants to with the city of Glendale can't adopt something that overrides the Constitution. And for the life of me I say again I can't figure out what the city's basis for taking this is under the circumstances where it's not on a public street. There's no indication of public safety concern. I mean how is it they get the automobile in the first place. They get it because the statute says public street or private facility like a parking lot of a mall. Suppose Glendale passes something and says we can come take it out of your driveway. Does that mean they can come take it out of my driveway. No because I think there are actually some some case law that says you cannot do that. Rapidly maybe some case law that you can't do it in a parking lot too unless you can give us a justification why you can't. I don't have a problem with saying that you can tow something off of a public street. I do have a problem with saying that you can tow it out of a backyard or a private driveway. Here we have a parking space that she was paying for in her own apartment complex. Now admittedly that parking space was also available to anyone who was you know you mean that parking lot was also available publicly to anybody who happened to be using the banquet facility or the restaurant. But why isn't this close to the situation where they're taking it out of the driveway or the backyard rather than the situation where it's in a mall which is public and which you have to have you can't just stick a plunker in the middle of a mall parking lot or on a public street where it's interfering with other people's right to park. What why this doesn't interfere with anybody because she's paying for it is closer. However the fact that the owner has authorized her to park in such an area does not figure into the enforcement of the statute. Well what it does is they have simply just paid a part to pay your landlord to keep something in a place the state can't come in and take it away. But the landlord cannot authorize you to park excuse me to park in a public area that's subject to the laws of the city of Glendale. I think where she was parked she is subject to the jurisdiction. Why can't the owner of Safeway put something there the rest of the lots open for people to come and go to Safeway. But why can't Safeway use its lot the way it wants to have a public nuisance. But there's no claim here of a public nuisance claim. I mean fundamentally I mean you keep referring to the statute and I understand why but the statute doesn't change the issue for us because Glendale could enact something that says you can drive it out or pull it out of my driveway and plainly we're not going to permit that. The Constitution doesn't say you could do that. So what the Constitution says you can pull it out of this parking lot where there isn't a public safety issue where the court's determination in Schofield and the reasons therefore in the governmental interests that are advanced by allowing governmental interest here is exactly what it is the same interest that is is in Schofield is to promote no parking zone on the public street. I know the fact is different but the interest is the same. That interest is promoting registration of vehicles getting unregistered vehicles off the streets and preventing violation of registration laws. Those are the enunciated grounds in Schofield. Here's the question I still don't understand. If somebody files to have a non-operation of a vehicle does that mean that the that the registration law says they don't have to register. They just filed non-operation or do they have to register and pay some lesser amount but still register. My understanding of the law just based upon my own experience is you still have to pay an annual fee. You would probably still have to get it smogged every other year. You can't simply avoid any registration whatsoever by filing a non-operation certificate. And the statute once again makes no exception under that circumstance. If you file a non-operation certificate and you pay some annual fee do you get a little sticker or something that goes on your car. So someone driving a policeman driving by knows it's been registered for non-operation. I do not know the answer to that question. I don't quite understand. I have a neighbor who puts together antique cars and he has all he buys all these cars and it takes them apart and uses the parts. Is he and he leaves him in his he's got him in his yard and in a big huge garage. What does he have to. Would he under this statute would he have to keep them desmogged and file and have to register them. Could you just say I've got this thing that I'm not going to. I can't really speak to that. My assumption would be if they're if they're classic cars if they're older cars he may apply for some exemption if they're a if they're a hobby or something like that. It sounds like he's keeping them on his own private property. He's got all kinds of cars he's got the ones he's antique that he's rebuilding and then he's got other cars that he buys off the junkyard. He's not going to use. He just wants to use the parts. Those wouldn't be operated. What those wouldn't be operating. They wouldn't be. So he registers them in his non-operating vehicle. So if he lives in happens to live in an apartment I guess I don't apartment. I would say that the law want him to encourage registering those kinds of cars. I'm not I'm not certain in an instance like that what the requirement would be. Okay I've got another question for you. Just to clarify when the notice notice was sent to the appellant from the towing company. How much was due and maybe this is irrelevant to the due process issue but I and I probably should know this from the record but I just want to know how much was due before this thing got pushed into small claims court. What was the initial towing charge if it had just been paid whether that's right or wrong. And I'm I'm sorry I don't have that but I can I can see the appellant or the appellee can can tell me here's what I am able to state that it was not twelve hundred dollars that twelve hundred dollars is an accrual of daily or weekly impound charges over the life of the small claims action which is filed months after the impoundment. So it would be unreasonable and usury for a tow truck company to try to charge somebody the twelve hundred dollars is the amount the towing company got as a judgment in small claims court. Yes it wasn't paid for and they went to small claims court and eventually they prevail. That is correct. It would be reasonable to assume that within a few days of the towing you would have a thirty five to fifty dollar charge. The record doesn't tell us what that is. That's correct. But it is that is it not in the record or is it in the record and just you and the appellants counsel no one's asked you that question before because it's right. Because I'm not certain that the notice of lien sale that's being referred to is is in the record. There is one other issue that was addressed by the appellant. The the lack of notice to the plaintiff if I could direct the court to page 55 of the appellant's excerpt that is the 180 vehicle report from the officer. And he in fact in the lower right hand corner checks off the box that pursuant to California Vehicle Code Section 22 852 notice of the towing has been provided to the owner. That that is the code section that requires 48 hours notice within 48 hours of the towing. And the appellant actually admits that a hearing did take place in the city of Glendale. If it's the same page that says has P&O on file. That's correct. And an officer Young's declaration said he determined that there was a certificate of plan not operation on file. So there is in the record evidence that there was such a certificate on file and then he knew it. And in opposition to defendants motion that ground has never been urged as a ground in opposition here on appeal. Appellant has never urged that as a ground for error. Can you help me with something else? I'm having a little trouble understanding how we are in the federal court of appeals in this case. Now there was a small claims court judgment. And it was appealed to the Superior Court. That is correct. And were any of these arguments raised there? No. I actually from the record I've seen no. Now how do we get to that? That was that was upheld. Was there appeal to the appeal possible from there to the Court of Appeal? I'm not aware of the procedural process there. How do we get to district court? Well we've got now RICO violations alleging that the officer who towed the vehicle and the tow truck company are a part of a criminal enterprise to illegally extort towing fees for members of the public. And we have our constitutional violations and there are a few state law claims such as conversion and negligence that are attached to the instant action that's here. Apart from the claim that it's it's all a RICO violation. Wasn't there also a claim that it's a Fourth Amendment violation by seizing the car? That is correct. The claim that I know there were claims that the officer was acting in bad faith and you know it's a big sham and that kind of line of argument. Were there claims that the statute pursuant to which the officer acted was unconstitutional on its face? No sir. Assuming the officer acted in good faith and follows the statute that it's just an unconstitutional statute. That argument is raised by appellant on appeal. Down in the lower court I believe the appellant's argument was simply the act was in the district court here that the act itself was unconstitutional without reference to the statute itself being unconstitutional. The primary argument being it was a warrantless seizure. So are the I don't mean to be technical but are issues relating to the constitutionality of the act before us properly and normally we don't consider issues that weren't presented to the district court but we can in extraordinary case but here was that issue. The issue that's of concern to Judge Clifton I think from his questioning was that presented to the district court. I don't believe well on the motion for summary judgment the appellees argued that the exercise of the towing of the vehicle was lawful pursuant to that vehicle code section. Appellant's opposition argued that I believe they did in fact argue that that code said that the district court failed to reach a determination as to whether or not vehicle code section 22651 was in fact constitutional which we took issue with and said that actually at the excerpt at page 80 and 81 Judge Cooper did engage in an analysis of the constitutionality of 20 2651 and found that these actions were proper pursuant to the Schofield case. I'm still not understanding what the federal claim is here then that was presented in the district court to create jurisdiction. Was it just RICO? Was it 1983 or anything like that? Yes it was 1983 for the unreasonable seizure and the due process arguments. So it's 1983 and RICO? Yes. And it's probably some ancillary state law claims? Negligence on the part of the state in conversion of the automobile. And if necessary if I could be heard with respect to those causes of action disposed of by the district court that did not involve constitutional questions such as the RICO claim, the negligence claim and the conversion claim. There the court granted summary adjudication of each of those causes of action on the grounds that the plaintiff had failed to carry their shifted burden of demonstrating a tribal issue of fact with regard to those. And that was the basis. The court specifically stated that plaintiff at that time had no evidence to support those remaining causes of action and therefore granted summary judgment. So that is a separate basis for those remaining causes of action. That included RICO. We negated essential elements of RICO as well. Okay thank you. There was in fact a hearing in the city of Glendale after this. And in the city of Glendale hearing the Virginia Clement was asked to sign a release to the city because of the unjustified pickup of the vehicle. Because at the time the record of that by the way I couldn't find in the record. It hasn't gone that far. Let me finish my question. I couldn't find a single thing that laid out a record of this hearing in the city of Glendale. Except I understand that the the appellant testified that there was such a. There was a hearing yes. And the record of this hearing the case didn't get that far. We've got a motion for summary judgment before discovery. Is there any record. Not on the appeal actual evidence of the city of Glendale hearing in the record because if you get a motion for summary judgment. You can file an affidavit with evidence or in it. I wasn't raised as an issue. The only thing that came up was the April 6th notice from the towing yard. Okay thank you. Thank you. Thank you. The case just argued is submitted for decision. We'll hear the next case which is. Tell us a versus San Diego. Chapter two.
judges: Schroeder, Gould, Clifton